IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | | |
|---|---|---|
| PLANET TECHNOLOGIES, INC.,<br>20400 Observation Drive<br>Suite 204<br>Germantown, Maryland 21403<br>(Montgomery County)<br><br>       Plaintiff,<br><br>      v.<br><br>PLANIT TECHNOLOGY GROUP LLC,<br>100 Landmark Square<br>Virginia Beach, Virginia 23452<br><br>      and<br><br>CASEY ROBINSON, CEO<br>PLANIT TECHNOLOGY GROUP LLC,<br>100 Landmark Square<br>Virginia Beach, Virginia 23452<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

## COMPLAINT

1.      Plaintiff Planet Technologies, Inc. ("Planet") is a corporation, organized and existing under the laws of the State of Delaware, having its principal place of business at 20400 Observation Drive, Suite 204, Germantown, Maryland 21403.

2.      Defendant Planit Technology Group LLC ("PTG") is, on information and belief, a limited liability company organized and existing under the laws of the Commonwealth of Virginia, having its principal place of business at 100 Landmark Square, Virginia Beach, Virginia 23452.

3.      Defendant Casey Robinson ("Robinson") is, on information and belief, a resident of Virginia and Chief Executive Officer of PTG, having a principal place of business at 100 Landmark Square, Virginia Beach, Virginia 23452.

4.      PTG and Robinson are hereafter referred to collectively as "Defendants".

## NATURE OF THIS ACTION

5.      This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. §1051 et seq.).  This is also an action for declaratory judgment.

6.      This action arises from Defendants' use and proposed continued use of the service mark PLANIT TECHNOLOGY GROUP in violation of Plaintiff's rights in its own PLANET TECHNOLOGIES service mark.

7.      In summary and as set forth more fully below, Planet alleges that Defendants have violated Planet's intellectual property rights by unlawfully adopting and using a service mark which is confusingly similar to Planet's service mark, for use in connection with computer services directly in competition with Planet's computer services.

8.      Defendants have continued to engage in their illegal behavior even after being made aware of Planet's superior service mark rights in connection with such competitive services and after being asked to cease and desist such unlawful behavior.

## JURISDICTION AND VENUE

9.      This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.  This Court has jurisdiction pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201 over Plaintiff's request for declaratory judgment.

10.     This Court has personal jurisdiction over each Defendant pursuant to Section 6-103(b) (3) of the Courts and Judicial Article of the Maryland Code because Defendants have an office in the State of Maryland, Defendants conduct business in the State of Maryland, and because Defendants caused tortious injury to Planet by the willful actions alleged more fully herein, which took place in Maryland, among other places.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, <u>inter alia</u>, the facts giving rise to the acts or omissions alleged herein took place at least in part in this District and/or because each of the Defendants is subject to personal jurisdiction in this District.

## **BACKGROUND FACTS**

12.     Planet provides business consulting and management services in the field of business and computer network management services, specifically (i) messaging and directory services, (ii) computer application development services, (iii) security audits and related information security services, and (iv) computer systems management services (collectively "Planet Services") in connection with the name PLANET TECHNOLOGIES in the State of Maryland continuously from at least as early as October 31, 1997, and in interstate commerce since at least as early as March 31, 1998.

13.     Besides its PLANET TECHNOLOGIES name, Planet also provides Planet Services in connection with the following stylized logo in the State of Maryland continuously from at least as early as October 31, 1997, and in interstate commerce since at least as early as March 31, 1998:

 ("Logo Mark").

3

14.     Long prior to PTG providing its competing services, Planet was highly sought after for providing its Planet Services throughout the United States and the world due to its partnership with Microsoft.

15.     Planet achieved the highest partnership level with Microsoft – the prestigious Microsoft Gold Certified Partner with competencies in Information Worker, Advanced Infrastructure, Networking Infrastructure and Security.  Gold Certified Partners represent the highest level of competence and expertise with Microsoft technologies, and have the closest working relationship with Microsoft.

16.     As part of the close working relationship, when customers call Microsoft looking for a company to assist them in determining Microsoft solutions for their companies, Microsoft refers the work to its Gold Certified Partners.

17.     On information and belief, long prior to PTG providing its competing services, Planet was the Microsoft Federal Partner of the Year in 2005, 2006, 2007 and 2008.

18.     Planet was the Microsoft State and Local Government Partner of the Year in 2008.

19.     Planet was the Oak Ridge National Labs Small Business of the Year in 2008.

20.     Planet is also a National Systems Integrator Partner with Microsoft, which is a very unique classification.  There are only 35 such partners in the United States.

21.     From October 1997 through the present, Plaintiff has provided Planet Services in connection with the name PLANET TECHNOLOGIES and the Logo Mark to customers in Maryland and throughout the world.

22.     For instance, Planet conducts business operations in the United States, Canada, Europe, and Asia with its headquarters in Germantown, Maryland, and additional office locations in Seattle and Chicago and business representatives located throughout Europe.

23.     Planet promotes and provides its Planet Services in connection with the name PLANET

TECHNOLOGIES and the Logo Mark via a wide variety of sales channels, including attendance at

computer industry trade shows and over Planet's Web site. See Exhibit A (copy of a print-out from

Planet's Web site).

## PLANET'S SERVICE MARK RIGHTS

24.     Planet owns United States trademark Registration no. 3,317,410 for the service mark

PLANET TECHNOLOGIES for use in connection with Planet Services. See Exhibit B (copy of said

registration and a print-out from the United States Patent & Trademark Office showing current status

and ownership).

25.     Planet also owns extensive common law rights to the Logo Mark since October 1997,

which it has used openly and continuously in commerce throughout the United States, and in fact,

throughout the world in connection with Planet Services.

## Defendants' Infringement of Planet's Service Mark Rights

26.     On information and belief, on or about January 2008, Robinson personally participated in

selecting the name PLANIT TECHNOLOGY GROUP for use in connection with certain computer

services.

27.     On information and belief, on or about January 2008, at the direction of Robinson, PTG

began providing competing computer services, specifically (i) messaging and directory services, (ii)

computer application development services, (iii) security audits and related information security

services, and (iv) computer systems management services under the service mark PLANIT

TECHNOLOGY GROUP.

28.     On information and belief, on or about January 2008, at the direction of Robinson, PTG

began providing such competing computer services under the following service mark logo:

  (Defendants' Logo").

29.     On information and belief, Defendants had either constructive knowledge of Planet's

rights in the PLANET TECHNOLOGIES service mark or the Logo Mark at the time they began

providing competing computer services under the service mark PLANIT TECHNOLOGY GROUP or

Defendants' Logo due to Planet's federal registration, and/or actual knowledge of Planet's use of the

PLANET TECHNOLOGIES service mark or the Logo Mark, either through Planet's Web site or

through normal industry channels, e.g., trade shows, trade publications, etc.

30.     Defendants did not contact Planet or its principals regarding PTG's use of the service

mark PLANIT TECHNOLOGY GROUP or Defendants' Logo, either before or after commencing such

competitive computer services.

31.     On information and belief, Robinson, as CEO of PTG, directly controls the service mark

PLANIT TECHNOLOGY GROUP and Defendants' Logo in connection with computer services that

compete directly with Planet.

32.     On information and belief, PTG sells its competing computer services under service mark

PLANIT TECHNOLOGY GROUP and Defendants' Logo through an office located at 18310

Montgomery Village Avenue, Gaithersburg, Maryland, which is less than five miles away from Planet's

headquarters.

33.     On information and belief, Defendants promote and sell their competing computer services under the service mark PLANIT TECHNOLOGY GROUP and Defendants' Logo on the Internet. See Exhibit C (copy of a print-out from PTG's Web site).

34.     On information and belief, on or before April 2, 2008, Robinson directed PTG's counsel to file for a federal trademark registration for Defendants' Logo. See Exhibit D (a true and correct copy of PTG's federal trademark application).

35.     As a direct result of Defendants' use of the service mark PLANIT TECHNOLOGY GROUP and Defendants' Logo in connection with competing computer services there have been substantial actual consumer confusion.

36.     For example, on information and belief, Defendants promote their services by attending computer trade shows as does Planet. The parties attended COVITS (the Commonwealth of Virginia's Innovative Technology Symposium) 2009, which was held September 20-22 at the Williamsburg Marriott. At this trade show, several people confronted Planet and asked whether Planet and PTG were related or associated in some way.

37.     In addition, on information and belief, PTG also is a Microsoft Gold Certified Partner. In at least one instance Microsoft has confused PTG with Planet in providing a reference for computer services to the Richmond Redevelopment Housing Authority.

38.     After learning of Defendants' use of the service mark PLANIT TECHNOLOGY GROUP and Defendants' Logo for competing computer services, Planet notified Defendants of Planet's prior rights in the PLANET TECHNOLOGIES service mark or Logo Mark, objected to Defendants' use of a confusingly similar mark in its industry, and requested that Defendants stop using the service mark

7

PLANIT TECHNOLOGY GROUP and Defendants' Logo for such competitive computer services. In a written letter, Defendants refused.

39. If not enjoined, Defendants' continued use of the service mark PLANIT TECHNOLOGY GROUP and Defendants' Logo in connection with competitive computer services is likely to cause confusion, or to cause mistake, or to deceive the trade and the public into believing that Defendants' computer services are affiliated, connected, or associated with Planet, or that Defendants' computer services originate with, or are sponsored or approved by, Planet.

40. Defendants have heightened this likelihood of confusion by selecting such a similar service mark, applying it to such similar computer services, targeting their computer services at the same consumers, marketing such services in the same channels of trade, and advertising them in the same media as Planet.

41. Defendants' continued use of the service mark PLANIT TECHNOLOGY GROUP and Defendants' Logo in connection with competitive computer services has weakened and diluted the goodwill of Planet's PLANET TECHNOLOGIES service mark and Logo Mark and will continue to do so in the future if Defendants are not enjoined.

42. Defendants' continued use of the PLANIT TECHNOLOGY GROUP and Defendants' Logo after receiving notice of such likelihood of confusion constitutes willful infringement of Planet's rights in its PLANET TECHNOLOGIES service mark and Logo Mark.

43. Unless enjoined, Defendants will continue their willful infringement of Planet's rights in its PLANET TECHNOLOGIES service mark and Logo Mark, which will cause Planet to suffer substantial damage to its goodwill and business reputation.

44.     Defendants' conduct has harmed and will continue to harm Planet's reputation and goodwill, and has caused the loss of sales and profits Planet would have made but for Defendants' illegal acts.

45.     Planet does not have an adequate remedy at law for Defendants' unlawful conduct.

## COUNT I
### (Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114(a))

46.     Planet realleges and incorporates by reference the allegations above.

47.     As noted above, Planet's PLANET TECHNOLOGIES service mark is the subject of a federal trademark registration at the United States Patent & Trademark Office in connection with Planet Services.

48.     Continuously and openly since at least as early as October 31, 1997, Planet has used the PLANET TECHNOLOGIES mark to identify its Planet Services and to distinguish its services from those offered by others.

49.     Planet has prominently displayed its service mark in connection with its Planet Services on its Web site, at trade shows and in marketing and promotional materials.

50.     As a direct result of Planet's widespread and continuous use of its PLANET TECHNOLOGIES mark in connection with Planet Services, Planet has developed extensive trademark rights in this mark.

51.     Planet's PLANET TECHNOLOGIES mark, and the goodwill associated therewith in the United States and throughout the world, are of great and incalculable value.

52.     Without Planet's authorization or consent, and having knowledge of Planet's prior rights in the PLANET TECHNOLOGIES mark, Defendants have advertised, marketed, offered for sale and

9

sold directly competing computer services in or affecting interstate commerce to the consuming public under the infringing mark PLANIT TECHNOLOGY GROUP in direct competition with Planet.

53.     Defendants' use of reproductions, copies, counterfeits, or colorable imitations of the PLANET TECHNOLOGIES mark in the form of the infringing mark PLANIT TECHNOLOGY GROUP is likely to cause, and is causing confusion, mistake and deception among the general purchasing public.

54.     Defendants' unauthorized use of the infringing mark PLANIT TECHNOLOGY GROUP on or in connection with their own competing computer services was done with notice and full knowledge that such use was not authorized or licensed by Planet.

55.     Defendants have used and continue to willfully use the infringing mark PLANIT TECHNOLOGY GROUP with the intent to confuse, mislead or deceive customers, purchasers and members of the general public as to the origin, source, sponsorship or affiliation of Defendants' competing computer services, and with the intent to divert consumers away from Planet's Planet Services.

56.     As a direct and proximate result of Defendants' conduct, Planet has suffered damage to its valuable PLANET TECHNOLOGIES mark, and its attendant goodwill.

57.     Defendants' use of a confusingly similar service mark to Planet's PLANET TECHNOLOGIES mark in connection with competing computer services is a violation of the Lanham Act, 15 U.S.C. § 1114(a).

58.     Planet does not have an adequate remedy at law, and will continue to be damaged by Defendants' actions unless this Court enjoins Defendants from such business practices.

## COUNT II
### (Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a))

59.     Planet realleges and incorporates by reference the allegations above.

60.     Continuously and openly since at least as early as October 31, 1997, Planet has used the Logo Mark to identify its Planet Services and to distinguish its services from those offered by others.

61.     Planet has prominently displayed its Logo Mark in connection with its Planet Services on its Web site, at trade shows and in marketing and promotional materials.

62.     As a direct result of Planet's widespread and continuous use of its Logo Mark in connection with Planet Services, Planet has developed extensive trademark rights in this mark.

63.     Planet's Logo Mark, and the goodwill associated therewith in the United States and throughout the world, are of great and incalculable value.

64.     Without Planet's authorization or consent, and having knowledge of Planet's prior rights in the Logo Mark, Defendants have advertised, marketed, offered for sale and sold directly competing computer services in or affecting interstate commerce under the infringing mark Defendants' Logo to the consuming public in direct competition with Planet.

65.     Defendants' use of reproductions, copies, counterfeits, or colorable imitations of the Logo Mark in the form of the infringing mark Defendants' Logo is likely to cause and is causing confusion, mistake and deception among the general purchasing public.

66.     Defendants' unauthorized use of the infringing mark Defendants' Logo on or in connection with their own competing computer services was done with notice and full knowledge that such use was not authorized or licensed by Planet.

67.     Defendants have used and continues to willfully use the infringing mark Defendants' Logo with the intent to confuse, mislead or deceive customers, purchasers and members of the general

11

public as to the origin, source, sponsorship or affiliation of Defendants' competing computer services, and with the intent to divert consumers away from Planet's Planet Services.

68.     As a direct and proximate result of Defendants' conduct, Planet has suffered damage to its valuable Logo Mark, and its attendant goodwill.

69.     Defendants' use of a confusingly similar service mark to Planet's Logo Mark in connection with competing computer services is a violation of the Lanham Act, 15 U.S.C. § 1125(a)).

70.     Planet does not have an adequate remedy at law, and will continue to be damaged by Defendants' actions unless this Court enjoins Defendants from such business practices.

## COUNT III
### (Declaration that Defendants' Federal Trademark Registration Was Procured in Violation of 15 U.S.C. § 1052(d) and Should Be Cancelled)

71.     Planet realleges and incorporates by reference the allegations above.

72.     With full knowledge of Planet's service mark rights, on April 2, 2008, Defendants filed an application for a federal trademark registration for Defendants' Logo.

73.     On March 10, 2009, the U.S. Patent and Trademark Office issued a federal registration for Defendants' Logo as Registration no. 3,585,797.  See Exhibit E (copy of said registration and a print-out from the United States Patent & Trademark Office showing current status and ownership).

74.     Based on the facts set forth in the foregoing allegations, Defendants' procurement of the federal registration for Defendants' Logo, specifically Registration no. 3,585,797, was in violation of the Lanham Act (15 U.S.C. § 1052(d)) because Defendants' Logo consists of or comprises a mark which so resembles a mark registered in the U.S. Patent and Trademark Office, as to be likely, when used on or in connection with the services of Defendants, to cause confusion, or to cause mistake, or to deceive.

75.     Under the circumstances, a judicial declaration is necessary and appropriate at this time to cancel the federal registration for Defendants' Logo, specifically Registration no. 3,585,797.

RELIEF

WHEREFORE, Plaintiff, Planet Technologies, Inc. prays for relief for Counts I and II as follows:

Monetary Damages

A.     Awarding to Planet treble the damages sustained by Planet attributable to Defendants' willful and knowing infringement of Planet's federally registered service mark PLANET TECHNOLOGIES and the Logo Mark, and any profits derived by Defendants' willful and knowing infringement of Planet's service mark PLANET TECHNOLOGIES and the Logo Mark, and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117.

Injunctive Relief

WHEREFORE, Planet prays for injunctive relief for Counts I and II as follows:

B.     For an injunction permanently restraining and enjoining Robinson and PTG, its officers, directors, agents, servants, employees, representatives, attorneys, successors, and assigns and all persons, firms, or corporations in active concert or participation with Robinson and PTG from using PLANIT TECHNOLOGY GROUP and Defendants' Logo or any mark or marks confusingly similar therewith in connection with computer services competing with Planet's Planet Services or any services related thereto in the United States or in commerce which may be regulated by Congress pursuant to 15 U.S.C. § 1116;

C.     For an injunction permanently restraining and enjoining Robinson and PTG, its officers, directors, agents, servants, employees, representatives, attorneys, successors, and assigns and all persons, firms, or corporations in active concert or participation with Robinson and PTG from

13

advertising, marketing, promoting computer services competing with Planet's Planet Services or any

services related thereto in the United States or in commerce which may be regulated by Congress in

connection with the service mark PLANIT TECHNOLOGY GROUP or Defendants' Logo or any mark

or marks confusingly similar therewith pursuant to 15 U.S.C. § 1116;

D.      For an order requiring Defendants to destroy all infringing articles, including without

limitation, advertising brochures, labels, signs, prints, packages, wrappers, receptacles, and

advertisements in the possession of the Defendants, bearing the service mark PLANIT TECHNOLOGY

GROUP or Defendants' Logo or any mark or marks confusingly similar therewith pursuant to 15 U.S.C.

§ 1118;

E.      For an order requiring Defendants to remove the service mark PLANIT TECHNOLOGY

GROUP or Defendants' Logo or any mark or marks confusingly similar therewith from PTG's Web site

or any Web site owned by Robinson or PTG or its officers, directors, agents, servants, employees,

representatives, attorneys, successors, and assigns that are under Defendant's control pursuant to 15

U.S.C. § 1118; and

F.      For an order requiring Defendants to file a report with this Court under oath in

accordance with 15 U.S.C. § 1116 setting forth the manner and form of its compliance with this Court's

injunction within a reasonable time period as directed by this Court.

Declaratory Relief

WHEREFORE, Planet prays for declaratory relief for Count III as follows:

G.      For an order to the U.S. Patent and Trademark Office cancelling Registration no.

3,585,797;

H.      For such other and further relief as this Court may deem just and proper.

14

January 20, 2010

Eric von Vorys, Esq.
Bar Number 14853
SHULMAN, ROGERS, GANDAL, PORDY
  & ECKER, P.A.
12505 Park Potomac Avenue
Sixth Floor
Potomac, MD 20854
(301) 230-5242 (telephone)
(301) 230-2891 (fax)
evonvorys@shulmanrogers.com

15