IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| PLANET TECHNOLOGIES, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. AW-10-149 |
| | : | |
| PLANIT TECHNOLOGY GROUP LLC, *et al.* | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ANSWER OF CASEY ROBINSON TO AMENDED COMPLAINT

Defendant Casey Robinson ("Robinson"), by his undersigned counsel, submits this Answer to Plaintiff's Amended Complaint.

1. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies the same.

2. Admitted.

3. Robinson admits that Denise Robinson is the President of Planit Technology Group LLC ("PTG"), whose principal office is located in Virginia Beach, Virginia. Robinson admits that Denise Robinson is a resident of Virginia.

4. Admitted.

5. Admitted.

6. There are no allegations contained in paragraph 6; therefore, no reply is necessary.

989020.2

## NATURE OF THIS ACTION

7. The allegations contained in paragraph 7 of the Amended Complaint are legal conclusions regarding the purported nature of the action to which no reply is necessary. To the extent a response is required, Robinson admits that Plaintiff has filed an Amended Complaint with counts purportedly sounding in trademark infringement, contributory trademark infringement, unfair competition, and declaratory judgment under the Lanham Act, but denies such counts are viable.

8. Admitted in part, denied in part. Robinson admits that PTG has used the service mark PLANIT TECHNOLOGY GROUP. Robinson denies that use of that mark violates Plaintiff's rights in its own PLANET TECHNOLOGIES service mark. Robinson also denies the remaining allegations contained in paragraph 8 of the Amended Complaint.

9. Admitted in part, denied in part. Robinson admits that Plaintiff alleges in the Amended Complaint violations of intellectual property rights, but denies that Plaintiff has any cognizable intellectual property claims in this case. Robinson also specifically denies that PTG's service mark is confusingly similar to Plaintiff's service mark and that PTG's services are in direct competition with Plaintiff's services. Robinson also denies the remaining allegations contained in paragraph 9 of the Amended Complaint.

10. Robinson denies that he has engaged in any illegal or unlawful behavior regarding the issue of PTG's service mark. Robinson further denies that Plaintiff has superior service mark rights over PTG to the mark PLANIT TECHNOLOGY GROUP. Robinson admits that PTG received a letter from Plaintiff on or about April 21, 2008, but denies the remaining allegations contained in paragraph 10 of the Amended Complaint.

## JURISDICTION AND VENUE

11. Robinson admits that Plaintiff's allegations invoke original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338. Robinson denies that this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201 over Plaintiff's request for declaratory judgment.

12. Robinson denies that the Court has personal jurisdiction over each Defendant pursuant to Section 6-103(b)(3) of the Courts and Judicial Proceedings Article of the Maryland Code or otherwise. Robinson admits that PTG maintains an office in the State of Maryland, but denies that he personally conducts business in the State of Maryland and denies that he caused tortious injury in the State of Maryland. The remaining allegations of paragraph 12 are denied.

13. The allegations contained in paragraph 13 of the Amended Complaint are legal conclusions to which no response is necessary and are therefore deemed denied. To the extent that a response is required, Robinson admits that venue is suggested in this District based on the allegations of the Amended Complaint, but denies the remaining allegations of paragraph 13 of the Amended Complaint.

## BACKGROUND FACTS

14. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint and therefore denies the same.

15. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint and therefore denies the same.

16. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint and therefore denies the same.

17. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint and therefore denies the same.

18. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint and therefore denies the same.

19. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint and therefore denies the same.

20. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint and therefore denies the same.

21. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint and therefore denies the same.

22. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint and therefore denies the same.

23. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint and therefore denies the same.

24. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint and therefore denies the same.

25. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint and therefore denies the same.

## PLANET'S SERVICE MARK RIGHTS

26. Robinson admits that Plaintiff has attached as Exhibit B to the Amended Complaint a document purporting to be a copy of a record from the United States Patent and Trademark Office, but is without knowledge as to the authenticity of such document or as to the remaining allegations of paragraph 26 of the Amended Complaint.

27. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint and therefore denies the same.

### Defendant's Infringement of Planet's Service Mark Rights

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. The allegations contained in paragraph 33 of the Amended Complaint are legal conclusions to which no reply is necessary. To the extent a response is required, the allegations contained in paragraph 33 are denied.

34. Admitted in part, denied in part. Defendant admits that he and Denise are part of a group of individuals that make up the leadership team of PTG, but deny that they are the sole leaders of PTG.

35. Admitted in part, denied in part. Robinson admits that TPG is the parent of PTG. The remaining allegations contained in paragraph 35 are legal conclusions to which no reply is necessary. To the extent a response is required, the remaining allegations are denied.

36. Admitted in part, denied in part. Robinson admits that both he and Denise personally participated in a committee of individuals that selected the name PLANIT TECHNOLOGY GROUP, after being presented with several different name options by a branding company, Brandevotion. Robinson denies the remaining allegations or characterizations in paragraph 36 of the Amended Complaint.

37. Robinson denies that PTG provides competing computer services with those provided by Plaintiff. Robinson denies the remaining allegations in paragraph 37 of the Amended Complaint.

38. Robinson denies that PTG provides competing computer services with those provided by Plaintiff. Robinson admits that PTG provides services under the service mark logo illustrated in paragraph 38 of the Amended Complaint, but Robinson denies the remaining allegations in paragraph 38 of the Amended Complaint.

39. Robinson denies that PTG provided competing computer services to those provided by Plaintiff, and denies the remaining allegations contained in paragraph 39 of the Amended Complaint.

40. Robinson admits that he did not contact Plaintiff or its principals regarding PTG's use of the service mark PLANIT TECHNOLOGY GROUP and Defendant's logo. Robinson denies the remaining allegations of paragraph 40 of the Amended Complaint.

41. TPG does not directly control the service mark PLANIT TECHNOLOGY GROUP or PTG's Logo. Robinson denies the remaining allegations contained in paragraph 41 of the Amended Complaint.

42. Denied.

43. Robinson admits that PTG has an office located at 18310 Montgomery Village Avenue, Suite 460, Gaithersburg, Maryland 20879. Robinson denies the remaining allegations contained in paragraph 43 of the Amended Complaint.

44. Denied. Answering further, Robinson states that neither he, Denise, PTG or TPG had any knowledge of Plaintiff's existence prior to receiving a letter in 2008 from Shulman Rogers. Thus, it is impossible that Robinson, Denise, PTG, or TPG intentionally directed any tortious conduct in Maryland against Plaintiff when PTG opened a Maryland office. Answering further, Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations that PTG's Maryland office is less than five miles from Plaintiff's headquarters, and therefore denies the same.

45. Denied.

46. Denied.

47. Robinson admits that PTG sells its services under the service mark PLANIT TECHNOLOGY GROUP and registered stylized logo on the internet. Robinson denies the remaining allegations contained in paragraph 47 of the Amended Complaint.

48. Denied.

49. Denied.

50. Robinson admits that PTG promotes its services, in part, by attending computer trade shows and that a PTG representative attended COVITS in Virginia. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of the Amended Complaint and therefore denies the same.

51. Robinson admits that PTG is a Microsoft Gold Certified Partner. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of the Amended Complaint and therefore denies the same.

52. Robinson admits that Planet notified PTG of Planet's alleged rights in the PLANET TECHNOLOGIES service mark. Robinson denies the remaining allegations contained in paragraph 52 of the Amended Complaint.

53. Robinson denies that PTG's continued use of the service mark PLANIT TECHNOLOGY GROUP and stylized logo is likely to cause confusion, mistake, or deception. Robinson denies the remaining allegations contained in paragraph 53 of the Amended Complaint.

54. Robinson denies that PTG's service mark is similar to Plaintiff's mark. Robinson further denies that there is any likelihood of confusion between the marks and that PTG's computer services are targeted at the same customers of Plaintiff's services. Robinson denies the remaining allegations contained in paragraph 54 of the Amended Complaint.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT I

60. Robinson restates the foregoing responses to Plaintiff's allegations as if fully set forth herein.

61. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint and therefore denies the same.

62. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint and therefore denies the same.

63. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint and therefore denies the same.

64. The allegations contained in paragraph 64 of the Amended Complaint are legal conclusions to which no reply is necessary. To the extent a response is required, the allegations contained in paragraph 64 are denied.

65. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Amended Complaint and therefore denies the same.

66. Robinson denies that PTG has advertised, marketed, offered for sale and sold directly competing computer services to the consuming public. Robinson denies that PTG has infringed on Plaintiff's mark. Robinson denies the remaining allegations contained in paragraph 66 of the Amended Complaint.

67. Robinson denies that PTG has used reproductions, copies, counterfeits, or colorable imitations of the PLANET TECHNOLOGY mark. Defendant denies that the PLANIT TECHNOLOGY GROUP trade name and stylized logo infringes on the PLANET TECHNOLOGIES mark. Robinson denies that PTG's use of its service mark and logo is likely to cause or is causing confusion, mistake, or deception among the general purchasing public.

68. Denied that PTG's use of its trademark and logo were "unauthorized" or "infringing," or that PTG's computer services were competing as to Planet.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## COUNT II

73. Robinson restates the foregoing responses to Plaintiff's allegations as if fully set forth herein.

74. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Amended Complaint and therefore denies the same.

75. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint and therefore denies the same.

76. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Amended Complaint and therefore denies the same.

77. Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint and therefore denies the same.

78. Denied.

79. Denied.

80. Denied that said use was unauthorized, infringing or in connection with competing computer services.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

## COUNT III

85. Robinson restates the foregoing responses to Plaintiff's allegations as if fully set forth herein.

86. Admitted.

87.　Admitted, in part. Denied in part. Robison admits that he and Denise are the sole officers of TPG, but deny the remaining allegations of this paragraph as it calls for a legal conclusion.

88.　Denied.

89.　Denied.

90.　Denied.

91.　Denied.

92.　Denied.

## COUNT IV

93.　Robinson restates the foregoing responses to Plaintiff's allegations as if fully set forth herein.

94.　Robinson admits that PTG filed an application for a federal trademark for PTG's logo on or about April 2, 2008. Robinson denies the remaining allegations contained in paragraph 94 of the Amended Complaint.

95.　Robinson admits that Exhibit E to the Amended Complaint exists and states that the document speaks for itself.

96.　Denied.

97.　Denied.

98.　All allegations not specifically admitted above are hereby denied.

### RELIEF

#### Monetary Damages

A.　Robinson denies that Plaintiff is entitled to any damages, much less treble damages. Robinson denies that Plaintiff lost any profits or is entitled to recover alleged lost

profits resulting from PTG's use of its service mark. Robinson denies that Plaintiff is entitled to any attorneys' fees and costs. Robinson denies the remaining allegations contained in paragraph A of the Amended Complaint.

### Injunctive Relief

B.  Robinson denies that Plaintiff is entitled to any injunctive relief. Robinson denies the remaining allegations contained in this paragraph B of the Amended Complaint.

C.  Robinson denies that Plaintiff is entitled to any injunctive relief. Robinson denies the remaining allegations contained in this paragraph C of the Amended Complaint.

D.  Robinson denies that Plaintiff is entitled to any injunctive relief. Robinson denies the remaining allegations contained in this paragraph D of the Amended Complaint.

E.  Robinson denies that Plaintiff is entitled to any injunctive relief. Robinson denies the remaining allegations contained in this paragraph E of the Amended Complaint.

F.  Robinson denies that Plaintiff is entitled to any injunctive relief. Robinson denies the remaining allegations contained in this paragraph F of the Amended Complaint.

### Declaratory Relief

G.  Robinson denies that Plaintiff is entitled to any injunctive relief. Robinson denies the remaining allegations contained in this paragraph G of the Amended Complaint.

H.  Robinson denies that Plaintiff is entitled to any injunctive relief. Robinson denies the remaining allegations contained in this paragraph H of the Amended Complaint.

### **FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted against Robinson, individually. Robinson was not an active participant in any infringement of Trademark Registration No. 3317410, did not have any supervision or control over any person

who infringed Trademark Registration No. 3317410, did not actively induce anyone to infringe Trademark Registration No. 3317410, and did not contribute to the infringement of Trademark Registration No. 3317410.  Robinson had never heard of Plaintiff (in his more than 20 years in the business) until Plaintiff's attorneys sent Denise Robinson letter in April of 2008.  PTG selected its name PLANIT TECHNOLOGY GROUP and logo after a committee decision, a search of the word "planit", and after being presented with several names and stylized logos by a third-party vendor.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by laches. Plaintiff provided notice in April of 2008 that they believed PTG was infringing its trademark and logo. Despite this fact, Plaintiff waited until January of 2010 to file suit against Robinson and PTG.  Therefore, some or all of the relief requested may be barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver or acquiescence. Plaintiff provided notice in April of 2008 that they believed PTG was infringing its trademark and logo. Despite this fact, Plaintiff waited until January of 2010 to file suit against Robinson and PTG. Therefore, some or all of the relief requested may be barred by the doctrine of acquiescence.

### FOURTH  AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff provided notice in April of 2008 that they believed PTG was infringing its trademark and logo. Despite this fact, Plaintiff waited until January of 2010 to file suit against Robinson and PTG.  Therefore, some or all of Plaintiff's requested equitable relief may be barred by the doctrine of unclean hands.

## **FIFTH AFFIRMATIVE DEFENSE**

Robinson incorporates any and all affirmative defenses of Defendant Planit Technology Group LLP as if fully set forth herein. Robinson reserves the right to assert additional defenses as this action progresses.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant Robinson respectfully requests that the Amended Complaint be dismissed and that Robinson recover all costs herein expended on its behalf, including costs, attorneys' fees, and such other relief as this Court may deem proper.

Respectfully submitted,

*/s/ Thomas Schaufelberger*
_____
Thomas Schaufelberger (MD 10519)
tschauf@saul.com
Erika Rose (MD 26890)
erose@saul.com
SAUL EWING LLP
500 E. Pratt Street
Lockwood Place
Baltimore, MD 21202
410-332-8766 (tel)
410-332-8113 (fax)

*Attorneys for Defendant Casey Robinson*